# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**INFINITE ENERGY, INC.,**

    **Plaintiff,**

**vs.**                                       **CASE NO. 1:06CV124-SPM/AK**

**ECONNERGY ENERGY CO.,**

    **Defendant.**

_____/

## O R D E R

Presently before the Court in the above entitled action is Plaintiff's Motion to Compel (doc. 95), as supported by the Memorandum (doc. 96) and Affidavit of Lisa Wolgast (doc. 98), and Defendant's Memorandum in Opposition. (Doc. 102).

Also at issue is Plaintiff's Motion for Leave to File a Reply Memorandum (doc. 106), which Defendant opposes. (Doc. 108). While the reply memorandum, (doc. 107), adds nothing substantively to the arguments already presented to the Court by both parties, it has already been filed and will be considered. The motion (doc. 106) is therefore **GRANTED**, but nothing further, as far as argument and legal authority, is necessary from the parties as to the issues presented.

At issue are four categories of documents, which have been identified by the parties as: (1) documents Defendant shared with Credit Suisse employees [Joint

Defense Privilege];[1] (2) documents to which Defendant's attorneys were carbon copied; (3) communications between business personnel; and (4) documents sent to or from Defendant's attorney which are allegedly not privileged.

## Joint Defense Doctrine

In diversity cases, federal courts apply the forum state's law on attorney-client privilege, including joint-defense privilege. Developers Surety & Indemnity Co. v. Harding Village, Ltd., 2007 WL 2021939 (S. D. Fla. 2007).

In Florida, communications between a client and his attorney are governed by statute. Fla. Stat. §90.502. That statute provides:

> A communication between lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than:
> 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
> 2. Those reasonably necessary for the transmission of the communication.

In the notes following the statute it states:

> The determinative factor in establishing the confidentiality of a communication is intent. When a communication from a client is expressly confidential or made under circumstances that should be understood by the attorney to be so, the requisite confidentiality is achieved. When the communication is made in public or divulged by the client to disinterested third persons, the intent to keep the communication confidential is lacking and the privilege cannot be claimed.

There are three threshold questions to determine whether the attorney-client and joint-defense privilege, also known as the common interest privilege, should apply: (1) whether the original disclosures were necessary to obtain informed legal advice and might not have been made absent the attorney-client privilege; (2) whether the

---

[1] Included in category 1 are two emails which were filed under seal. (Doc. 99).

**No. 1:06cv124-SPM/AK**

communication was such that disclosure to third parties was not intended, and (3) whether the information was exchanged between the parties for the limited purpose of assisting in their common cause.  Developers, supra at 2.  Of these three questions, Florida courts have found that the most important question is whether the information was exchanged for the limited purpose of assisting in the parties' "common, litigation-related cause."  Developers, supra at 3; Visual Scene, Inc. v. Pilkington Brothers, PLC., 508 So.2d 437, 441 (3d DCA Fla. 1987) .

Defendant would have the Court find that any common interest would suffice to justify application of the privilege, and Plaintiff would have the Court find that actual litigation must be ongoing for the common interest privilege to apply.

The cases cited by both parties support neither extreme, rather they support a finding that the common interest privilege applies when persons share a common **legal** interest, not when the primary common interest is a joint business strategy that happens to include a concern about litigation.  See Bank Brussels Lambert v. Credit Lyonnais (Suisse), 160 F.R.D. 437 (S.D. N.Y. 1995).  The interest must, therefore, **relate** to litigation for this privilege to apply, Developers, supra at 3; Visual Scene, supra at 441, but actual litigation need not be ongoing.  United States v. Schwimmer, 892 F.2d 237, 244 (2nd Cir. 1989).

Such interpretation supports the rationale behind the common interests privilege, which is an exception to the general rule that voluntary disclosure of information to a third party waives the confidentiality attendant to attorney-client communications because it is inconsistent with a confidential relationship.  Visual Scene, supra at 440.  It

**No. 1:06cv124-SPM/AK**

operates to protect "**litigants** who share unified interests to exchange this privileged information **to adequately prepare their cases** without losing the protection afforded by the privilege," ..."and to allow persons with **common litigation interests**" ..."to communicate freely and in confidence **when seeking legal advice**."   <u>Visual Scene</u>, <u>supra</u> at 440 (emphasis added).

Defendant argues that the communications between it and Credit Suisse were "absolutely necessary for Econnergy to obtain informed legal advice about the merger," and that Credit Suisse's "interests in the merger were aligned with and common to Econnergy's interests in the merger." (Doc. 102, Corn Affidavit, Exhibit 1).  Defendant further argues that these communications would not have been made absent attorney-client privilege and were related to a common legal cause because of Credit Suisse's large shareholder status.  Defendant cites the following legal aspects of its communications with Credit Suisse:

- Legal ability and right to consummate the Merger;
- Legal ability and right to enforce each of the Amendments to the Merger Agreement;
- Legal ability and right to seek liquidated damages or other damages if the Merger Agreement was terminated;
- Legal ability and right to seek recovery of the payment due on December 15, 2005 when Infinite failed to close the transaction under the second amendment;

**No. 1:06cv124-SPM/AK**

●Legal scope of the representations and warranties under the Merger Agreement and the increasing risk of failure of these reps and warranties as the closing date continued to be extended through Infinite's failure to close the transaction;

● Legal consequences among the parties if the transaction was terminated;

●Legal consequences to Econnergy and its shareholders if the deal did not close, including the continuing viability of the company; and

● Legal consequences to Econnergy from its other contractual relationships if the transaction did not close.

(Doc. 102, page 7; Corn Affidavit, exhibit 1).

While the Court appreciates these arguments, the only actual documents provided to the Court, which are allegedly privileged under the joint-defense doctrine, are two emails, one from Jay Corn to Ryan Sprott and one from Ryan Sprott to Jay Corn, which were copied to counsel. (Doc. 99).  These emails do not purport to seek legal advice, do not refer to or include legal advice, and contain no comment from counsel in response.  While certainly there were legal ramifications of what Corn and Sprott were discussing, the primary interests expressed appear to be business related.  Likewise, the deposition excerpts submitted by Plaintiff of Ryan Sprott support a finding that the common interest of Defendant and Credit Suisse at this time was business.[2]

---

[2] The argument that Sprott waived any privilege attendant to the subject matter of the emails is not well taken in light of ¶15 of the confidentiality order agreed to by the parties, which states that "production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege, the work-product privilege, or any other applicable privilege, will not waive the [privileges] ... regardless of its subject matter."  (Doc. 102, Exhibit 2).

**No. 1:06cv124-SPM/AK**

When asked what the common interests of Credit Suisse and Econnergy were in connection with the merger agreement Sprott said, "getting the deal done and selling the company." (Exhibit R, at p.212-213). And when asked if there were any other interests, he responded "not that comes to mind."

Therefore, if these emails are representative of the other documents withheld on the basis of the common interest privilege, (doc. 98, exhibit M), Defendant should reconsider asserting this privilege as to the other documents and narrow its submission of documents for review accordingly. If Defendant elects to withdraw its assertion of joint-defense privilege as to any of the documents at issue, it shall produce them to Plaintiff at the time the other documents are submitted for *in camera* review and file a Notice to this effect. Again, these two emails are the only actual documents submitted, and the Court cannot ascertain from the privilege logs prepared by Defendant whether this privilege would apply to any of the other documents without an *in camera* review and a list of the persons to and from these communications were made, as well as their positions within the company or otherwise. Needless to say, the prospect of reviewing hundreds of documents is not appealing, but as the courts found in Developers and in Tyne v. Time Warner Entertainment Company, 212 FRD 596 (M.D. Fla. 2002), when the privilege logs fail to comply sufficiently with Rule 26(b)(5) to allow for the parties and the Court to assess the applicability of any privilege asserted, then the documents must be reviewed. See Developers, at 5; Tyne, at 598.

Attorney-Client Privilege

**No. 1:06cv124-SPM/AK**

Plaintiff moves to compel several other categories of documents which it contends are not privileged because they were either not sent to or received from an attorney, although they were copied to counsel, or they do not seek or contain legal advice. Defendant contends that the documents, even if not from an attorney, contain legal advice or include discussions about legal advice. If this is the case, neither the Court nor Plaintiff could discern it from the privilege log provided. The descriptions of the documents do not include "contains legal advice" or "discussing legal advice." Further, while the parties may know who these persons are that the unspecified communications were taking place between and among, the Court does not, and it will not comb through the documents and pleadings in this case to find out who they are. Consequently, it appears that the easier course of action is to have these documents submitted for *in camera* review as well.

Defendant shall submit all the documents at issue with a privilege log to be used by the Court and its staff **only,** that is accompanied by a list of the persons involved in the communication and their title, function, and business affiliation. The log and the documents for review shall be divided into the four categories already discussed and addressed in the memorandums of the parties and the specific privilege asserted shall be clearly identified. It is Defendant's burden to show privilege, and whatever information would be helpful to establish the privilege asserted should be provided to the Court in this log.

Accordingly, it is

**ORDERED:**

**No. 1:06cv124-SPM/AK**

1.  Defendant shall on or before **July 30, 2008**, submit the documents it wishes the Court to review for *in camera* inspection with the privilege log for Court's staff use only and shall mail this submission directly to chambers at **401 SE 1st Avenue, Suite 383, Gainesville, Florida 32601-6895**.

2.  Plaintiff's Motion to Compel (doc. 95) shall be held in abeyance pending the *in camera* review directed herein.

3.  Plaintiff's Motion for Leave to File Reply (doc. 106) is **GRANTED,** and the reply already having been filed, no further action is necessary by the parties or the Clerk's Office.

**DONE AND ORDERED** this   **23rd**   day of July, 2008.

>   *s/ A. KORNBLUM*
>   **ALLAN KORNBLUM**
>   **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06cv124-SPM/AK**